# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 8, 2013

## KERRY CALAHAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 12CR151     Robert G. Crigler, Judge**

_____

### No. M2013-00966-CCA-R3-PC   Filed October 29, 2013

_____

The petitioner, Kerry Calahan, appeals the denial of his petition for post-conviction relief, which challenged his convictions of aggravated assault, aggravated criminal trespass, simple assault, theft of property valued at less than $500, and resisting arrest. In this appeal, he contends that he was denied the effective assistance of counsel. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Kerry Calahan.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Marshall County Circuit Court jury convicted the petitioner of aggravated assault, aggravated criminal trespass, simple assault, two counts of theft of property valued at less than $500, and resisting arrest, and the trial court imposed a total effective sentence of six years and six months in confinement. On appeal, this court affirmed the petitioner's convictions and sentence. _See State v. Kerry Douglas Calahan_, No. M2010-01310-CCA-R3-CD (Tenn. Crim. App., Nashville, Aug. 26, 2011), _perm. app. denied_ (Tenn. Oct. 24, 2011). At the petitioner's trial, the petitioner's ex-girlfriend and mother of his children,

Patricia Cozart, testified that she had obtained an order of protection against the petitioner following their break up. *Id.* at 2. Ms. Cozart acknowledged that she had been in contact with the petitioner following the issuance of the protection order and that the two had engaged in sexual intercourse on one occasion. *Id.* On September 19, 2009, Ms. Cozart asked the petitioner to sit with their sick child at her home, and he agreed. When she returned home, she asked the petitioner to leave because her boyfriend, Roberto Cebrero, was to arrive. *Id.* The petitioner left. During the early morning hours of the following day, Ms. Cozart was awakened by the sound of a slamming car door and went to the front door to investigate. *Id.* She opened the door to discover the petitioner standing in the doorway, and she told him that he could not come in because she had company. *Id.* The petitioner became angry, and she became scared, so she moved out of his way. *Id.* The petitioner walked to Ms. Cozart's bedroom and asked Mr. Cebrero if he loved Ms. Cozart and the petitioner's son. When Mr. Cebrero replied in the affirmative, the petitioner "'started wailing on his head.'" *Id.*

After beating Mr. Cebrero, the petitioner took both of their cellular telephones, pushed Ms. Cozart to the floor, and then struck her in the head. *Id.* Ms. Cozart was nevertheless able to escape to the nearby home of the trailer park manager. Before she could go inside, however, the petitioner grabbed her hair and shirt and attempted to drag her back to her residence. When the trailer park manager came to the door and told the petitioner to leave Ms. Cozart alone, the petitioner left. *Id.* Ms. Cozart suffered injuries to her tooth, left eye, nose, neck, and upper arm.

The petitioner was apprehended following a brief chase with police, and authorities recovered cellular telephones belonging to Ms. Cozart and Mr. Cebrero from his person. *See id.* at 4-5.

On October 22, 2012, the petitioner filed a timely petition for post-conviction relief, alleging, among other things, that he was denied the effective assistance of counsel at trial. Following the appointment of counsel, the post-conviction court held an evidentiary hearing on April 18, 2013.

Neither party presented any live proof at the evidentiary hearing, relying instead upon the trial record. Following the argument of the attorneys, the post-conviction court denied relief, finding that trial counsel's performance was not deficient and that the petitioner was not prejudiced by any action or inaction of his trial counsel.

In this appeal, the petitioner reiterates his claim of ineffective assistance of counsel, claiming that his trial counsel performed deficiently by failing to object to photographs of Ms. Cozart taken after the offenses, by failing to request an interpreter during

his cross-examination of a State's witness, by failing to object to a question asked by the prosecutor of Ms. Cozart before the witness could answer the question, and by failing to object to the direct examination of the court clerk regarding the terms of the order of protection granted to Ms. Cozart. The petitioner also claims a deprivation of his right to a fair trial and equal protection under the law by virtue of the fact that Ms. Cozart's complicity in the petitioner's violating the order of protection did not operate as a defense to the charge of aggravated assault.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A.§ 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App.1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The only proof submitted in support of the petitioner's claims was the trial record. Although the petitioner pointed to various portions of the trial record as evidence of trial counsel's deficient performance, without trial counsel's testimony, we cannot ascertain counsel's motivations and, therefore, cannot determine whether counsel's action or inaction in any instance qualifies as a reasonable trial strategy or sound tactical decision. The petitioner's failure to present any proof at the evidentiary hearing thus means that the petitioner failed to prove any of his claims by clear and convincing evidence, *see* T.C.A. § 40-30-110(f), and would, therefore, not be entitled to post-conviction relief on any of these grounds.

Moreover, the petitioner's claim relative to Ms. Cozart's complicity in his violating the order of protection was considered and rejected by this court on appeal. *See Kerry Douglas Calahan*, slip op. at 6. There, the petitioner claimed, as he does in his post-conviction action, that the assault of Ms. Cozart should not have been "elevate[d]" to aggravated assault based upon the existence of the order of protection because Ms. Cozart "initiated contact with him and had sex with him despite the protective order." *Id.* We observed that "the appellant cites no authority, and we find none, in support of his position that a victim's initiating contact with a defendant, despite a protective order, exempts an assault from being elevated to aggravated assault pursuant to Tennessee Code Annotated section 39-13-102(c)." *Id.* The petitioner's cloaking this same rejected argument in the cloth of the constitution does not convince us to depart from our earlier ruling.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE